UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-CV-62153

AMIRA AMIREH,

    Plaintiff,

v.

RADIUS GLOBAL SOLUTIONS, LLC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff AMIRA AMIREH ("Plaintiff") sues Defendant RADIUS GLOBAL SOLUTIONS, LLC ("Defendant") for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

**1.  JURISDICTION AND VENUE**

    1.  Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

    2.  Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. §1367.

    3.  Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

**2.  PARTIES**

    4.  Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5. Defendant is a Minnesota corporation, with its principal place of business located in Edina, Minnesota.

6. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

7. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

### 3. DEMAND FOR JURY TRIAL

8. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all alleged counts and any issues so triable.

### 4. ALLEGATIONS

9. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes. In particular, the Consumer Debt represents the amount Plaintiff allegedly owes the original creditor, Phoenix Emergency Medicine of Broward, LLC, for the provision of medical services to Plaintiff.

10. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

11. Defendant is a business entity engaged in the business of collecting consumer debts.

12. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency." Defendant's "Consumer Collection Agency" license number is CCA0900498.

14. Defendant is a "consumer collection agency" as defined by Fla. Stat. § 559.55(3).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

15. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

16. The records specified by Rule 69V-180.080, Florida Administrative Code, of which does Defendant maintain, are current to within one week of the current date.

17. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C § 1692a(5); Fla. Stat. § 559.55(6).

18. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C § 1692a(3).

19. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C § 1692a(6); Fla. Stat. § 559.55(7).

20. On a date better known by Defendant, it began attempting collect the Consumer Debts from Plaintiff.

21. Defendant mailed a collection letter, dated May 31, 2019, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

22. Defendant engaged in activity constituting "any action to collect [a] debt" by mailing the Collection Letter to Plaintiff. *See* Fla. Stat. § 559.715.

23. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

24. In the Collection Letter, Defendant states, "*[i]f you are unable to remit the total balance for the Account(s) we have two payment options available for you*" (emphasis added), and proceeds to present the following two payment options:

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

> Option 1: Split the total balance into 3 installments over 3 consecutive months to pay in full. To fulfill this option make the following payments: month 1 $196.17; month 2 $196.17; month 3 $196.17. Your first payment is due in our office within 45 days from the date of this letter. Remaining payments are due every 30 days thereafter until paid in full. Should you fail to complete the arrangement proposed under this option any payments made will be applied to the balance due shown above.
>
> Option 2: Reduced Payment Option. Pay a onetime payment of $411.96 to resolve the above Account(s) balance for less than the total balance. Provided the payment made is not reversed or otherwise returned as unpaid, no further attempts will be made to collect the remaining balance. Your payment is due in our office within 45 days from the date of this letter.

*See* Collection Letter.

25. Per the Collection Letter, "Option 1" states, in relevant part, "[y]our first payment is due in our office within 45 days from the date of this letter.

26. Per the Collection Letter, "Option 2" states, in relevant part, "[y]our payment is due in our office within 45 days from the date of this letter.

27. Plaintiff did not receive the Collection Letter until July-2019.

28. The date listed on the Collection Letter does not reflect the date which Plaintiff received the Collection Letter.

## *COUNT I.*
## **VIOLATION OF 15 U.S.C. § 1692e(11)**

29. Plaintiff incorporates by reference paragraphs 1-28 as though fully set forth herein.

30. The Collection Letter represents Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt. In the Collection Letter, Defendant attempts to provide Plaintiff with, among other things, the disclosures required by § 1692g(a)(3)-(5) of the FDCPA. The Collection Letter, however, wrongfully overshadows the rights enjoyed by the least sophisticated consumer pursuant to § 1692g(a)(3)-(5) of the FDCPA.

31. Here, Defendant, by and through the Collection Letter, presents the least sophisticated consumer with two payment options if the consumer is "unable to remit the total balance;" however, both such options require the least sophisticated consumer to make his or her first payment "within 45 days" from the date of the Collection Letter, *i.e.*, May 31, 2019.

32. As stated above, Plaintiff did not receive the Collection Letter until July of 2019. Thus, both "Option 1" and "Option 2," which the Collection Letter presents to the least sophisticated consumer if he or she is "unable to remit to total balance," require the consumer to remit his or her payment within 45-days of May 31, 2019, *i.e.,* July 15, 2019. The thirty (30) day period afforded the least sophisticated consumer, however, beings upon the consumer's receipt of the Collection Letter.

33. Pursuant to § 1692g(b) of the FDCPA, "…[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *See* 15 U.S.C. § 1692g(b).

34. In short, the Collection Letter wrongfully causes the least sophisticated consumer to believe that he or she must pay either the amount commanded by "Option 1" or "Option 2" before the expiration of the 30-day dispute period enjoyed by the least sophisticated consumer – thereby denying the least sophisticated consumer of the full breadth of rights and benefits afforded to him or her by § 1692g(a)(3)-(5).

35. Accordingly, Defendant, by and through the Collection Letter, unlawfully overshadows the dispute rights enjoyed by the least sophisticated consumer under § 1692g(a)(3)-(5) of the FDCPA, and as a result thereof violated 15 U.S.C. § 1692g(b).

## COUNT II.
## VIOLATION OF FLA. STAT. § 559.72(9)

36. Plaintiff incorporates by reference paragraphs 1-28 as though fully set forth herein.

37. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall:

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

"[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.72(9).

38. The Consumer Debt is a debt governed by the FDCPA. For Defendant to lawfully seek the collection of the Consumer Debt, Defendant must comply with the FDCPA.

39. As set forth in *Count I,* Defendant violated § 1692g(b) of the FDCPA and, as a result, Defendant was stripped of any authority it *may have* had to *lawfully* seek the collection of the Consumer Debt *via* the Collection Letter. For example, unlawfully overshadowing the dispute rights afforded to the least sophisticated consumer under § 1692g(a)(3)-(5), Defendant knew that, by mailing the Collection Letter to Plaintiff, it (Defendant) was unlawfully seeking to collect the Consumer Debt in violation of § 1692g(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages, as provided by 15 U.S.C. §1692k, for Defendant's violation of the FDCPA;

(b) Statutory damages, as provided by Fla. Stat. §559.77(2), for Defendant's violation of the FCCPA;

(c) An injunction prohibiting Defendant from engaging in further collection activities in violation of the FCCPA;

(d) Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. §559.77(2); and

(e) Any other relief that this Court deems appropriate and just under the circumstances

PAGE | **6** of **7**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

DATED: August 27, 2019

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com