UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

AMIRA AMIREH,

Plaintiff,                                          Case No.: 0:19-CV-62153 -RKA

v.

RADIUS GLOBAL SOLUTIONS, LLC,

Defendant.
_____/

**DEFENDANT RADIUS GLOBAL SOLUTIONS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Radius Global Solutions, LLC, (RGS), through counsel and under the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff, Amira Amireh (plaintiff), and states:

RGS admits plaintiff purports to bring this class action for alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55 *et seq.*, but denies any violations, liability, and wrongdoing under the law.  Except as specifically admitted, RGS denies the allegations.

**1.      JURISDICTION AND VENUE**

1.      Upon information and belief, RGS admits this Court has jurisdiction. Except as specifically admitted, RGS denies the allegations in ¶ 1.

2.      Upon information and belief, RGS admits this Court has jurisdiction. Except as specifically admitted, RGS denies the allegations in ¶ 2.

3.     Upon information and belief, RGS admits jurisdiction and venue are proper.  Except as specifically admitted, RGS denies the allegations in ¶ 3.

**2.     PARTIES**

4.     Upon information and belief, RGS admits the allegations in ¶ 4 as calling for a legal conclusion.

5.     RGS admits it has an office in Edina, Minnesota.  Except as specifically admitted, RGS denies the allegations in ¶ 5 as calling for a legal conclusion.

6.     RGS admits part of its business is the collection of debts and it uses the mail and telephone to do so.  Except as specifically admitted, RGS denies the allegations in ¶ 6.

7.     RGS denies the allegations in ¶ 7 as calling for a legal conclusion.

**3.     DEMAND FOR JURY TRIAL**

8.     RGS denies the allegations in ¶ 8.

**4.     ALLEGATIONS**

9.     RGS denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein.

10.    RGS denies the allegations in ¶ 10 as calling for a legal conclusion.

11.    RGS denies the allegations in ¶ 11 as calling for a legal conclusion.

12.    RGS denies the allegations in ¶ 12 as calling for a legal conclusion.

13.    RGS admits the allegations in ¶ 13 as calling for a legal conclusion.

14.    RGS denies the allegations in ¶ 14 as calling for a legal conclusion.

15.    RGS denies the allegations in ¶ 15.

16. RGS denies the allegations in ¶ 16.

17. RGS denies the allegations in ¶ 17 as calling for a legal conclusion.

18. RGS denies the allegations in ¶ 18 as calling for a legal conclusion.

19. RGS denies the allegations in ¶ 19 as calling for a legal conclusion.

20. RGS admits an account in debtor's name was placed with RGS for collection.  Except as specifically admitted, RGS denies the allegations in ¶ 20 as calling for a legal conclusion.

21. Exhibit A, or, the Collection Letter, speaks for itself and is the best evidence of its content.  To the extent plaintiff's allegations in ¶ 21 state otherwise, denied.

22. RGS denies the allegations in ¶ 22.

23. RGS denies the allegations in ¶ 23.

24. Exhibit A, or, the Collection Letter, speaks for itself and is the best evidence of its content.  To the extent plaintiff's allegations in ¶ 24 state otherwise, denied.

25. The Collection Letter speaks for itself and is the best evidence of its content.  To the extent plaintiff's allegations in ¶ 25 state otherwise, denied.

26. The Collection Letter speaks for itself and is the best evidence of its content.  To the extent plaintiff's allegations in ¶ 26 state otherwise, denied.

27. RGS denies the allegations in ¶ 27 for lack of knowledge or information sufficient to form a belief therein.

28. The Collection Letter speaks for itself and is the best evidence of its content. To the extent plaintiff's allegations in ¶ 28 state otherwise, denied.

## *COUNT I.*
## **VIOLATION OF 15 U.S.C. § 1692e(11)**

29. Credit One reasserts the foregoing as if fully stated herein.

30. The Collection Letter speaks for itself and is the best evidence of its content. To the extent plaintiff's allegations in ¶ 30 state otherwise, denied.

31. The Collection Letter speaks for itself and is the best evidence of its content. To the extent plaintiff's allegations in ¶ 31 state otherwise, denied.

32. RGS denies the allegations in ¶ 32 for lack of knowledge or information sufficient to form a belief therein.

33. § 1692g(b) of the FDCPA speaks for itself and is the best evidence of its content. To the extent plaintiff's allegations in ¶ 33 state otherwise, denied.

34. The Collection Letter speaks for itself and is the best evidence of its content. To the extent plaintiff's allegations in ¶ 34 state otherwise, denied.

35. RGS denies the allegations in ¶ 35.

## *COUNT II.*
## **VIOLATION OF FLA. STAT. § 559.72(9)**

36. RGS reasserts the foregoing as if fully stated herein.

37. Section 559.72, Fla. Stat., of the FCCPA speaks for itself and is the best evidence of its content. To the extent plaintiff's allegations in ¶ 37 state otherwise, denied.

38. RGS denies the allegations in ¶ 38.

39. RGS denies the allegations in ¶ 39.

## PRAYER FOR RELIEF

RGS admits plaintiff purports to request various forms of relief, but denies plaintiff is entitled to judgement or the relief sought in the un-numbered WHEREFORE clause, including subparts a-e.

## RGS'S AFFIRMATIVE DEFENSES

1. To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2. RGS denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of RGS's purported violations.

3. One or more claims asserted by plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

4. Assuming that plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

5. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than RGS and were beyond the control or supervision of RGS or for whom RGS was and is not responsible or liable.

6. Plaintiff has failed to state a claim against RGS upon which relief may be granted.

WHEREFORE, Defendant, Radius Global Solutions, LLC, requests the Court dismiss this action with prejudice and grant it any other relief the Court deems appropriate.

>Respectfully submitted,
>
>*/s/  Ashley Wydro*
>Ashley Wydro, Esq.
>Florida Bar No. 0106605
>Dayle M. Van Hoose, Esq.
>Florida Bar No. 0016277
>SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
>3350 Buschwood Park Drive, Suite 195
>Tampa, Florida 33618
>Telephone: (813) 440-2460
>Facsimile: (877) 334-0661
>awydro@sessions.legal
>dvanhoose@sessions.legal
>
>*Counsel for Defendant,*
>*Radius Global Solutions, LLC*

## CERTIFICATE OF SERVICE

I certify that on this 15th day of October 2019, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below.

Jibrael S. Hindi, Esq.<br>
Thomas John Patti, III, Esq.<br>
The Law Offices of Jibrael S. Hindi<br>
110 SE 6th St., 17th Floor<br>
Fort Lauderdale, FL 33301<br>
jibrael@jibraellaw.com<br>
tom@jibraellaw.com

<i>/s/ Ashley Wydro</i><br>
Attorney